### HOBBS *v.* HOBBS.

JENKINS, Chief Justice. This case comes to this court from the Court of Appeals, whose Judges were evenly divided in their opinion; Broyles, Chief Judge, Sutton, Presiding Judge, and Parker, J., being for affirmance, and MacIntyre, Felton, and Gardner, JJ., being for reversal. The

allegations of the petition as to the facts there set forth are simple. The husband sued his wife to recover from her $50 a month under an allotment which he had arranged for her support upon entering the Army. The petition alleged that upon his return from the Army he found that his wife had been unfaithful, in that she had been guilty of adultery with a named individual, and instead of using the money to maintain their home, had given it to her paramour. The prayer was that the money, not having been used for the purpose for which it was intended, rightfully belonged to the plaintiff, and a recovery was asked for money had and received. Exception was taken to the trial court's dismissal of the petition on general demurrer, as failing to set forth a cause of action. *Held:*

1. Under the rule at common law, and as declared by the Code, § 53-508, the husband is bound for the support and maintenance of his wife.

2. The husband is absolved from all duty of furnishing further support for his wife where it is made to appear that she is living in adultery with another man, or where she, as his wife, has previously been guilty of such an uncondoned offense. Where the wife is or has been guilty of such an uncondoned offense, and is living separate and apart from her husband, the latter is not liable to those supplying her with necessities. Nor is the husband bound to furnish support for a wife who has committed the uncondoned offense of abandoning him without just cause; and in such a case, that is, where the abandonment by the wife is unjustified and uncondoned and she thereafter continues to live separate and apart from the husband, notice by the husband shall relieve him of liability for necessaries furnished to her by others.

3. A husband is privileged, if he so chooses, to extend condonation for offenses committed against himself by a wife, and it is only when he elects not to do so that his direct obligation to her ceases to exist. Accordingly, support which has already been furnished by a husband to his wife, even though it were given in ignorance of her dereliction, does not constitute a claim in his favor against her separate estate such as can be recovered in a suit against her for such purpose. A different rule would open the floodgates to a new character of claims in connection with suits for divorce, which would be contrary to a sound public policy.

(*a*) It is true that the petition in the instant case alleges that the wife, instead of using the support money for the purpose intended, did give it to her alleged paramour; but this would not seem to alter the rule just stated, since the gist of the alleged cause of action is not what she did with the money allotted for her support, but is a suit for money had and received on the theory that she, under the alleged circumstances, was not entitled to receive or retain it, and for that reason the plaintiff was entitled to recover it.

(*b*) A different rule could and would apply under facts such as in *Evans* v. *Evans,* 118 *Ga.* 890 (45 S. E. 612, 98 Am. St. R. 180), which, however, did not deal with the right of a husband to recover amounts already furnished by him for the ordinary support of his wife, but held that, "Where the husband is ignorant of the fact that his wife has already

committed adultery, and, in compliance with her importunity, makes to her a gift of real or personal property, the same may be revoked at his instance on his discovery of her previous criminal conduct." The *Evans* case, therefore, dealt with a gift which was purely voluntary, and which was induced by the importunities of a guilty wife; while here the dispute concerns, not an outright gift fraudulently procured, but a case where the husband is seeking to gain back from the separate estate of the wife payments which had already been made for her ordinary support, and which, unless and until the husband should first elect to show were unenforceable, constituted enforceable obligations.

Moreover, if by· the petition the "allotment" to the wife, referred to as having been arranged by the husband upon entering the armed service, refers to a Government allotment—as we think it manifestly did, by ordinary interpretation—then it would seem that the soldier could not, in the absence of divorce proceedings, control such payments. The wife under the Federal law could for herself arrange these payments, if the husband had failed to do so, since under the Federal statutes they are paid directly to her solely by virtue of the marriage relationship.

*Judgment affirmed. All the Justices concur.*

No. 15704. FEBRUARY 4, 1947.

*Evans & Evans,* for plaintiff. *Stevens & Stevens,* for defendant.